IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HERMAN HARRIS, JR.,

:

    Petitioner,   Case No. 3:04-cv-224

:     District Judge Walter Herbert Rice
-vs-     Magistrate Judge Michael R. Merz

JULIOS WILSON, Warden,

:

    Respondent.

**REPORT AND RECOMMENDATIONS**

    This is a habeas corpus action brought by Petitioner Herman Harris, Jr., to seek relief from his 1993 conviction and sentence in the Montgomery County Common Pleas Court for murder and grand theft.  The case is before the Court for initial review under Rule 4 of the Rules Governing §2254 Cases.  Upon review, the Magistrate Judge concludes this action is barred by the statute of limitations upon the following procedural facts.

    Petitioner was indicted on a number of charges, including aggravated murder with capital specifications.  He waived his right to trial by a jury and was tried by a three-judge panel consisting of The Honorable John Webster Kessler, The Honorable Walter A. Porter, and The Honorable Lee A. Bixler.  The panel found him guilty of the lesser included offenses of murder and grand theft with prior felony specifications and sentenced him to an aggregate sentence of nineteen years to life.  He appealed to the Montgomery County Court of Appeals which affirmed the conviction and sentence. *State v. Harris*, 1994 Ohio App. LEXIS 57632 (Ohio App. 2d Dist. Dec. 21, 1994).

Mr. Harris did not immediately appeal to the Ohio Supreme Court. Instead, he filed a motion for reconsideration and four applications to reopen pursuant to Ohio App. R. 26(B). *State v. Harris*, 2001 Ohio App. LEXIS 474 (Ohio App. 2d Dist. Feb. 9, 2001). In July, 1998, he filed an application for delayed appeal to the Ohio Supreme Court which it denied in October, 1998. *Id*. Then in August, 2000, he filed a petition for post-conviction relief in the Montgomery County Common Pleas Court. *Id*. That court dismissed the petition as untimely under Ohio Revised Code § 2953.23, a conclusion which the court of appeals affirmed on February 9, 2001. In February, 2003, Petitioner filed an original action in state habeas corpus before the Ohio Supreme Court which dismissed the petition in July, 2003. (Petition, Doc. No. 1, at 4.) Petitioner filed this action June 25, 2004.

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is an affirmative defense which is waived if not pleaded as required by Fed. R. Civ. P. 8(c).  A district court may however dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, but may not *sua sponte* cure a waiver of the defense.  *Scott v. Collins*, 286 F. 3rd 923 (6th Cir. 2002).

Mr. Harris was convicted several years before the AEDPA was enacted.  Prior to adoption of the AEDPA, there had never been a statute of limitations on habeas corpus petitions, although the Rules Governing §2254 Proceedings permitted dismissal on a laches basis if the Petitioner's delay had prejudiced the State's ability to defend.  Thus a habeas petitioner could file at any time.  In passing the AEDPA, Congress did not adopt a grace period during which habeas claims which had accrued more than a year prior to April 24, 1996, could be filed.  The absence of such a grace period would have rendered the new statute of limitations unconstitutional as to any habeas claims which accrued before April 24, 1996.  *Block v. North Dakota,* 461 U.S. 273, 286 at n. 23, 103 S. Ct. 1811, 75 L. Ed. 2d 840 (1983); *Texaco, Inc., v. Short,* 454 U.S. 516, 527 at n. 21, 102 S. Ct. 781, 70 L. Ed. 2d 738 (1982), *quoting Wilson v. Iseminger,* 185 U.S. 55, 22 S. Ct. 573, 46 L. Ed. 804 (1902); *Terry v. Anderson*, 95 U.S. 628, 24 L. Ed. 365 (1877); *Sohn v. Waterson*, 84 U.S. 596, 21 L. Ed. 737 (1873).  Therefore, no petition filed on or before April 24, 1997 — one year from the date of AEDPA's enactment — may be dismissed for failure to comply with §101's time limit.  *Brown v. O'Dea,* 183 F. 3d 572 (6th Cir. 1999).  Absent any other analysis, Mr. Harris' time to file would have

begun to run on April 24, 1996.

The court of appeals' decision advises, however, that Mr. Harris filed five separate motions for reconsideration or to reopen between 1995 and 1998.  The Court assumes for purposes of this analysis that such motions were continuously pending during that period.  The Sixth Circuit Court of Appeals has held that Ohio App. R. 26(B) proceedings are part of direct appeal, so the judgment of conviction would not have become final while those motions were pending.  *White v. Schotten,* 201 F. 3d 743 (6th Cir. 2000), *cert denied*, 121 S. Ct. 332 (2000).  The conviction did not become final until the Ohio Supreme Court denied leave to file a delayed appeal in October, 1998.  To give Petitioner the benefit of the doubt and in the absence of an exact date, the Court assumes the denial occurred on October 31, 1998, and the statute of limitations did not begin to run until then.  That would mean that the statute of limitations expired October 31, 1999.

Nothing that happened after that date would restart the statute.  In particular, Petitioner's untimely petition for post-conviction relief under Ohio Revised Code § 2953.21, filed in 2000, and his original state habeas petition, filed in the Ohio Supreme Court in 2003, even assuming they were "properly filed" collateral attacks on the judgment under 28 U.S.C. §2244(d)(2), would only toll the statute if it were still running; they do not restart the statute of limitations.  In other words, it has been nearly five years since the statute of limitations expired on Mr. Harris' claim for federal habeas corpus relief.

It is accordingly respectfully recommended that this action be dismissed with prejudice as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, Mr. Harris should be denied any request for a certificate of appealability to the Sixth Circuit.  Because any appeal would be objectively frivolous, he should also be denied leave to

appeal *in forma pauperis*.

July 17, 2004.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Harris v. Wilson 01.wpd