# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

HERMAN HARRIS, JR.,

    Petitioner,

    -vs-

JULIOS WILSON, Warden,

    Respondent.

Case No. 3:04-cv-224

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

---

**DECISION AND ORDER DENYING PETITIONER'S MOTION SEEKING LEAVE**

---

    This habeas corpus action is before the Court on Petitioner's Motion Seeking Leave of Chief Justice Walter H. Rice to File Motion to Proceed with Judgment Granting Federal Habeas Corpus and/or in the Alternative Issue a Show Cause Order Against Respondent Why Federal Habeas Corpus Should Not Be Granted and Remove Magistrate Judge Michael R. Merz from Petitioner's Writ of Federal Habeas Corpus Proceedings and Case Docket (Doc. No. 12).

    In the first instance, the Court denies Petitioner's request that this Motion be ruled on in the first instance by District Judge Rice. Litigants in federal court are not permitted to choose for themselves which judicial officers will rule on their filings in the first instance. The instant Motion is plainly a pre-trial matter and Judge Rice has referred all pre-trial matters in this and all habeas corpus cases to the two magistrate judges at Dayton. The cases are randomly assigned and this case was first assigned to Magistrate Judge Sharon Ovington, but she was required to recuse herself and the case was therefore transferred to the undersigned. There it will remain until or unless Judge Rice

removes the undersigned.

Of course, Petitioner also asks for that relief in his Motion and the Court will consider the second portion of the Motion as a request that the undersigned recuse himself or be disqualified.

The procedure for disqualifying a federal judicial officer is well established.  Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith.  When a party is proceeding *pro se*, no counsel's certificate is required.  While the affidavit is directed in the first instance to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal is mandatory;  the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency.  13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, et seq., particularly §3550.  To be legally sufficient under §144, assertions in an affidavit must be definite as to time, place, persons, and circumstances.  *Berger v. United States*, 255 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 2d 481 (1921).  Such detail is necessary to prevent abuse of § 144.  *Grimes v. United States*, 396 F. 2d 331 (9th Cir. 1968).  One distinguished court has held that the appropriate level of detail is the same as required in a bill of particulars.  *United States v. Mitchell*, 377 F. Supp. 1312 (D.D.C. 1974)(Sirica, J.), *aff'd. sub. nom. United States v. Haldeman*, 559 F. 2d 31 (D.C. Cir. 1976).

Under 28 U.S.C. § 455, different procedure is applicable:  no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself *sua sponte*.  There is no timeliness requirement.  *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). The Court, moreover, need not accept as true the factual statements in the affidavit if one is filed.  *Phillips v. Joint Legislative Committee on Performance and Expenditure Review of Mississippi*, 637 F. 2d 1014,

1019, n.6 (5th Cir. 1981).

Motions to recuse under §455 are to be decided in the first instance by the judicial officer sought to be disqualified. *United States v. Studley,* 783 F. 2d 934, 940 (9th Cir. 1988); *In re Drexel Burnham Lambert, Inc.,* 861 F. 2d 1307, 1312 (2d Cir. 1988) *reh'g denied*, 869 F. 2d 116; *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F. 2d 311 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F. 2d 592 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966); *see also Youn v. Track, Inc.,* 324 F. 3d 409 (6th Cir. 2003)*;Bradley v. Milliken,* 620 F.2d 1143 (6th Cir. 1980). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and

> prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice.  Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion.  See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994).

In support is his request for disqualification, Petitioner asserts that the undersigned has "at all times acted as an advocate for the State of Ohio and/or Respondent as opposed to a nuetral [sic] judge addressing Petitioner's constitutional claims/constitutional allegations presented before this Honorable Court."  (Motion, Doc. No. 12, at 3.)  As an example, Petitioner argues that the Report and Recommendations and the Decision on Motion for Liberal Construction fail to address his constitutional claims on the merits, but addresses instead only the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  He quite correctly notes that none of his constitutional claims have been addressed since he filed the Petition.

However, the fact that the undersigned has not addressed the constitutional claims on the merits is a result of the undersigned's doing his duty as he understands it, rather than any advocacy for the State.  Rule 4 of the Rules Governing §2254 [federal habeas corpus] Cases expressly provides that the clerk must promptly forward any newly-filed habeas corpus petition to the assigned judge who must promptly examine it.  The Rule continues: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

**must** dismiss the petition and direct the clerk to notify the petitioner."

The docket reflects that the case was transferred to the undersigned on July 13, 2004, and the Report and Recommendations were signed four days later, on July 17, 2004, a Saturday. Thus the examination of the petition was certainly prompt.

In the Report and Recommendations, the undersigned determined from the face of the Petition that it was filed almost five years after the statute of limitations in 28 U.S.C. §2244(d) expired. Consideration of the statute of limitations when making a Rule 4 determination had been upheld prior to the Report and Recommendations by the Sixth Circuit Court of Appeals. *Scott v. Collins*, 286 F. 3rd 923 (6th Cir.2002). It has since been upheld by the United States Supreme Court. *Day v. McDonough*, ___ U.S. ___, 2006 U.S. LEXIS 3448 (April 25, 2006). Thus the Magistrate Judge's handling the Petition on Rule 4 review does not show any bias or prejudice against the Petitioner or in favor of the State. It is the statute of limitations adopted by the United States Congress which prevents this Court from reaching the merits, not any bias. The request to recuse is therefore without merit.

Petitioner makes an argument that, because the Ohio General Assembly did not enact the AEDPA within Ohio's habeas corpus statute, Ohio Revised Code Ch. 2701, et seq., somehow it does not apply to him or misled him. The Court does not completely understand Petitioner's argument. The federal and state habeas corpus statutes are completely separate. This Court (or any federal court) does not have jurisdiction to consider a petition made under the state habeas statute. We have authority only to consider habeas corpus petitions of state prisoners if they are filed under 28 U.S.C. §2254 as affected by the AEDPA.

Petitioner complains that there has been a more than two-year delay in reaching the merits

of his constitutional claims.  That is not from any failure of this Court to attend to its pending business: the undersigned filed his Report on the statute of limitations issue within four days of its assignment to him.  This Court has not and cannot reach the merits of his claims because merit consideration is barred by the statute of limitations.

April 28, 2006.

                                                                                               s/ Michael R. Merz
                                                                        Chief United States Magistrate Judge