IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

HERMAN HARRIS, JR.,                          :

     Petitioner,                          :

                               Case No. 3:04cv224

         vs.                          :

                               JUDGE WALTER HERBERT RICE

JULIOS WILSON,[1] Warden,                          :

     Respondent.                          :

---

DECISION AND ENTRY ADOPTING, WITH ONE EXCEPTION, REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #3) AND OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. #4, #5, #7, #12, #14 & #17); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER, DENYING PETITIONER'S REQUEST FOR WRIT OF HABEAS CORPUS IN ITS ENTIRETY; REQUEST FOR CERTIFICATE OF APPEALABILITY DENIED; ANTICIPATED REQUEST TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY

---

Based upon the reasoning and citations of authority set forth by the United

---

[1]By Decision and Order, dated April 16, 2007, Warden Jesse Williams was substituted as Respondent for Warden Julios Wilson, pursuant to Federal Rule of Civil Procedure 25(d). Doc. #19.  The caption of this action was not amended, however, in accordance with the Court's customary practice.

States Magistrate Judge, in his Report and Recommendations, dated July 19, 2004

Doc. #3) and in the Magistrate Judge's subsequently filed responses to the

Petitioner's objections thereto (Docs. #6, #13 & #16[2]), as well as upon a thorough

*de novo* review of this Court's file and the applicable law, the Court adopts, with

one exception, said Report and Recommendations in its entirety and overrules

Petitioner's objections thereto (Docs. #4, #5, #7, #12, #14 & #17[3]).

In ruling as aforesaid, the Court makes the following non-exclusive,

observation.  In the Magistrate Judge's Report and Recommendations, he cited

White v. Schotten, 201 F.3d 743 (6th Cir. 2000), in support of the statement that

"Ohio App. R. 26(B) proceedings are part of direct appeal, so the judgment of

conviction would not have become final while those motions were pending." Doc.

#3 at 4.  While this was an accurate statement of the law, at that time, the Sixth

Circuit has revisited this issue since the Magistrate Judge filed the subject Report

and Recommendations and overruled its previous holding.  In Lopez v. Wilson, the

Appellate Court determined that "a Rule 26(B) application to reopen is a collateral

---

[2]The Magistrate Judge filed these Orders, in response to the various documents filed by the Petitioner, as noted, *infra*, in footnote 3.

[3]The Petitioner did not style all of these documents as "objections" to the Magistrate Judge's Report and Recommendations, but they each contain objections therein and were thus considered to be objections by the Court when ruling herein. See Doc. #4 ("Objection to Report and Recommendations"); Doc. #5 ("Motion Seeking Liberal Construction on 8th and 14th Amendment Constitutional Claims"); Doc. #7 ("Objection to Order on Motion for Liberal Construction"); Doc. #12 ("Motion for Leave to File Motion to Proceed with Judgment"); Doc. #14 ("Petitioner's Objections; Relief from Judgment or Order"); Doc. #17 ("Motion Seeking Leave to File Clarification").

2

matter rather than part of direct review." 426 F.3d 339, 352 (6th Cir. 2005).  The

Sixth Circuit's new position, on this issue, further solidifies the Magistrate's

conclusion that the Petitioner is time-barred from bringing a Federal habeas petition,

in that the approximately three-year period (1995-1998), during which the

Petitioner filed four applications under Ohio Appellate Rule 26(B) to reopen his

appeal (all of which were eventually denied), constitute collateral matters rather

than proceedings that are part of direct review, which would have extended the

date upon which he was required to file his Federal habeas application, under 28

U.S.C. § 2244(d)(1)(A).[4]  Therefore, because the Petitioner did not file his

application for a writ of habeas corpus within one year of "the date on which the

judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review," as required by 28 U.S.C. § 2244(d)(1), the

Petitioner is barred from Federal habeas review of his case.[5]

---

[4]Under the then applicable law, it is clear that the Magistrate Judge gave the Petitioner the benefit of every conceivable doubt, by assuming that the § 2244(d)(1) statute of limitations did not begin to run during the pendency of the 26(B) proceedings.  Under the present state of the law, however, those proceedings are considered to be collateral matters and, thus, will not preclude the commencement of the running of the statute of limitations, assuming the judgment is otherwise final. 28 U.S.C. § 2244(d)(1)(A); Lopez, 426 F.3d 339, 352.

[5]The Petitioner has made no allegations that would implicate the other three possible starting dates for the one-year statute of limitation, provided in § 2244(d)(1), to wit:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

As to the request for a Certificate of Appealability, the Petitioner has failed to make a substantial showing of the denial of a constitutional right, by demonstrating that the Court's decision herein would be debatable among jurists of reason.  Thus, the request for a Certificate of Appealability is denied.  Because any appeal from the decision rendered herein would be objectively frivolous, the Court would deny any anticipated Motion for Leave to appeal *in forma pauperis*.

Judgment is to enter in favor of the Defendant-Respondent and against the Plaintiff-Petitioner, denying Plaintiff-Petitioner's Petition for Writ of Habeas Corpus in its entirety and, further, denying a Certificate of Appealability.

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D).

4

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


September 28, 2007


                                         /s/ Walter Herbert Rice
                                         _____
                                         WALTER HERBERT RICE, JUDGE
                                         UNITED STATES DISTRICT COURT


Copies to:
Petitioner
Counsel of record


5